WIDENER, Circuit Judge,
concurring.
I concur in the majority opinion but I would add a word. The insuring clause of the policy requires a “direct physical loss.”
The Special Property Coverage Form states in paragraph A(3) that for something to constitute a “Covered Cause[ ] of Loss” it must be a “direct physical loss,” unless excluded in Section B or limited in paragraph A(4). My concurrence is dependent on the fact that, when the employee erased the data on NMS’s computers, this erasure was in fact a “direct physical loss” under the requirements of the policy. Indeed, a computer stores information by the rearrangement of the atoms or molecules of a disc or tape to effect the formation of a particular order of magnetic impulses, and a “meaningful sequence of magnetic impulses cannot float in space.” Comptroller of the Treasury v. Equit. Trust Co., 296 Md. 459, 484, 464 A.2d 248 (1983). It is the fact that the erasure was a “direct physical loss” that enables NMS to recover under the policy and enables me to concur.